## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| WALTER MORGAN, JR. | CIVIL ACTION NO. 13-0958 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LA STATE BOARD OF BARBER EXAMINERS, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Record Document 11) filed by Defendants, UFCW Local 496 ("Local 496") and The Louisiana State Association of Journeymen Barbers, Hair Dressers, Cosmetologists, and Proprietors ("the Association") (collectively referred to as "Defendants). Defendants urge the Court to dismiss the case brought against them by the Plaintiff, Walter Morgan, Jr. ("Morgan"). Defendants assert that Morgan has not plead facts sufficient to support a racial discrimination claim under Title VII because the act about which he complains does not constitute an adverse employment action. Morgan opposed the Motion to Dismiss. See Record Document 15. For the reasons which follow, Defendants' Motion is **GRANTED** and Morgan's racial discrimination claim is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

The Louisiana State Board of Barber Examiners ("the Board"), which was created by Louisiana Revised Statute 37:341, consists of five members appointed by the governor. One member is appointed from each public service commission district in the state. The Association submits to the governor a list of three names for each vacancy that exists on the board, one of whom shall be of a racial minority. Each board member serves a six year

term and can serve no more than two consecutive terms.  See generally La. R.S. 37:341 *et seq.*[1]

Morgan was appointed to the Board in 2005.  He served as a member until his term ended in 2012.  On May 8, 2013, Morgan brought the instant action alleging that he was racially discriminated against when he was not selected to serve another term on the Board.  The First Supplemental and Amending Complaint further alleges that the purpose of the racial discrimination was to keep Morgan, and other African Americans, from serving as the President of the Board.

## II.  LAW AND ANALYSIS

**A.    Legal Standard**

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) does not need detailed factual allegations in order to avoid dismissal, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007).  A plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief on its face. See

---

[1]Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of La. R.S. § 37:341 *et seq.*  See DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford, 868 F.Supp.2d 1042, 1048 (D. Or. 2011) ("[M]ost of the documents that the parties seek judicial notice of are statutes . . ., which are already part of the public record, and are therefore capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009).

**B.     Analysis**

Morgan's First Supplemental and Amending Complaint alleges that he was racially discriminated against under Title VII. To establish a *prima facie* case of racial discrimination under Title VII, Morgan must establish: "1) he is a member of a protected class, 2) he was qualified for the position at issue, 3) he was the subject of an adverse employment action, and 4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). The first two elements are not in dispute, as Morgan is a member of a protected class and fulfills the requirements for serving on the Board. In this instance, the case hinges on factor three – adverse employment action.

The Fifth Circuit has held that for Title VII discrimination claims an adverse employment action "includes only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." Bouvier v. Northrup Grumman Ship Sys., Inc., 350 Fed.Appx. 917, 922 (5th Cir. 2009). "Not everything that makes an employee unhappy is an adverse action that can support a claim of discrimination." McLaughlin v. Holder, 828 F.Supp.2d 230, 239 (D.D.C. 2011). The employment decision must inflict

objectively tangible harm. An employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage." Id. "Adverse employment actions include only ultimate employment actions such as hiring, granting leave, discharging, promoting or compensating." Culbert v. Cleco Corp., 926 F.Supp.2d 886, 895-96 (W.D. La. 2013) aff'd, 538 Fed. Appx. 504 (5th Cir. 2013).

The facts plead by Morgan simply do not show an adverse employment action. Additionally, a review of the Louisiana statutes creating the Board and case law pertaining to adverse employment actions reveals there is no adverse employment action in this case because Morgan was not an employee and the facts underlying this case did not occur in an employment setting. Morgan was not an employee of Local 496, the Association, or the Board. Rather, he was an unpaid gubernatorial appointee/volunteer serving on the Board for a six year term. See Juino v. Livingston Parish Fire Dist. No. 5, 717 F.3d 431, 439-440 (5th Cir. 2013) (holding volunteer firefighter was not an employee within the meaning of Title VII because she could not show remuneration). The decision to not recommend Morgan for a second term on the Board was not an employment action because it did not involve or relate to an employment relationship. In McLaughlin, the court explained that "an employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage." McLaughlin, 828 F.Supp.2d at 239. Here, the purported actionable adverse action was not an employment decision, as Morgan was not an employee and the events underlying this lawsuit did not occur in an employment setting. Thus, Morgan's racial discrimination claim against Defendants fails because he did not

plead sufficient facts to support an adverse employment action.

## CONCLUSION

Based on the foregoing, the Court finds that dismissal under Rule 12(b)(6) is appropriate because the facts as plead do not establish that Morgan was subjected to an adverse employment action.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Record Document 11) be and is hereby **GRANTED** and Morgan's racial discrimination claim against Local 496 and the Association is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of June, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE