UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WALTER MORGAN, JR. | CIVIL ACTION NO. 13-0958 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LA STATE BOARD OF BARBER EXAMINERS, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Rule 12(b)(6) Motion to Dismiss, or Alternatively Motion for Summary Judgment (Record Document 28) filed by Defendant, the State of Louisiana, through the Louisiana State Board of Barber Examiners ("Board"). The Board urges the Court to dismiss the case brought against it by the Plaintiff, Walter Morgan, Jr. ("Morgan"). The Board asserts that Morgan has not plead facts sufficient to support a racial discrimination claim under Title VII because the act about which he complains does not constitute an adverse employment action. Morgan opposed the Motion to Dismiss. See Record Document 32. For the reasons which follow, the Board's Motion to Dismiss is **GRANTED** and Morgan's racial discrimination claim is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

The Board, which was created by Louisiana Revised Statute 37:341, consists of five members appointed by the governor. One member is appointed from each public service commission district in the state. The Louisiana State Association of Journeyman Barbers, Hair Dressers, Cosmetologists, and Proprietors submits to the governor a list of three names for each vacancy that exists on the board, one of whom shall be of a racial minority. Each board member serves a six year

term and can serve no more than two consecutive terms. See generally La. R.S. 37:341 et seq.[1]

Morgan was appointed to the Board in 2005. He served as a member until his term ended in 2012. On May 8, 2013, Morgan brought the instant action alleging that he was racially discriminated against when he was not selected to serve another term on the Board. The First Supplemental and Amending Complaint further alleges that the purpose of the racial discrimination was to keep Morgan, and other African Americans, from serving as the President of the Board.

## II. LAW AND ANALYSIS

### A. Legal Standard

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) does not need detailed factual allegations in order to avoid dismissal, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief on its face. See

---

[1] Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of La. R.S. § 37:341 et seq. See DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford, 868 F.Supp.2d 1042, 1048 (D. Or. 2011) ("[M]ost of the documents that the parties seek judicial notice of are statutes . . ., which are already part of the public record, and are therefore capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009).

**B.    Analysis**

Morgan's First Supplemental and Amending Complaint alleges that he was racially discriminated against under Title VII. To establish a *prima facie* case of racial discrimination under Title VII, Morgan must establish: "1) he is a member of a protected class, 2) he was qualified for the position at issue, 3) he was the subject of an adverse employment action, and 4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). The first two elements are not in dispute, as Morgan is a member of a protected class and fulfills the requirements for serving on the Board. In this instance, the case hinges on factor three – adverse employment action.

The Fifth Circuit has held that for Title VII discrimination claims an adverse employment action "includes only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." Bouvier v. Northrup Grumman Ship Sys., Inc., 350 Fed.Appx. 917, 922 (5th Cir. 2009). "Not everything that makes an employee unhappy is an adverse action that can support a claim of discrimination." McLaughlin v. Holder, 828 F.Supp.2d 230, 239 (D.D.C. 2011). The employment decision must inflict

objectively tangible harm.  An employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage." Id.  "Adverse employment actions include only ultimate employment actions such as hiring, granting leave, discharging, promoting or compensating." Culbert v. Cleco Corp., 926 F.Supp.2d 886, 895-96 (W.D. La. 2013) aff'd, 538 Fed. Appx. 504 (5th Cir. 2013).

The facts plead by Morgan simply do not show an adverse employment action.  La. R.S. §37:341 governs the Louisiana Board of Barber Examiners.  The creation of the Board is governed by La. R.S. §37:341(A)(1), "[t]he board shall consist of five members appointed by the governor, each of whom shall be a practical barber who has followed the occupation of barbering in this state for five years continuously and in his district for two years prior to his appointment."  The members are selected from a list submitted to the governor by the Louisiana State Association of Journeymen Barbers, Hair Dressers, Cosmetologists, and Proprietors. See La. R.S. §37:341(A)(2)(a).  The list must consist of "three names for each vacancy that may exist on the board, one of whom shall be a member of a racial minority and a member of the nominating organization." Id.

The term of members is set by La. R.S. §37:341(D), which states that "[t]he members of the board shall serve staggered terms of six years. However, no member shall serve more than two consecutive terms."  There is no language in the statute that mandates a board member is to be reappointed for a second term at the end of their first term.  A board member may be reappointed for a second term but is not required to be reappointed.  The governor is free to appoint any other person to the Board, as long as the new appointee meets the statutory qualifications.

It is unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." See 42 U.S.C. §2000e-2(a)(1). It is undisputed that Morgan served one term which ended on August 23, 2011, and at the end of his term, Morgan was not reappointed by the Governor to serve a second term. There are no facts in evidence that show that the Board failed or refused to hire Morgan. Rather, Morgan served his one term in full, and was not appointed for a second term by the Governor, which is permitted under the statute. It is clear from the facts presented, that there was not an "unlawful employment practice" as defined under Title VII.

Additionally, a review of the Louisiana statutes creating the Board and case law pertaining to adverse employment actions reveals there is no adverse employment action in this case because Morgan did not qualify as an employee. The facts underlying this case did not occur in an employment setting. Morgan was not an employee of the Board. Rather, he was an unpaid gubernatorial appointee/volunteer serving on the Board for a six year term[2]. See Juino v. Livingston Parish Fire Dist. No. 5, 717 F.3d 431, 439-440 (5th Cir. 2013) (holding volunteer firefighter was not an employee within the meaning of Title VII because she could not show remuneration). The decision not to recommend Morgan for a second term on the Board was not an employment action because it did not involve or relate to an employment relationship. In McLaughlin, the court explained that "an

---

[2] The Court notes that members of the Board received a per diem of $125 per day for each day they are involved in Board business, while Morgan was a member of the Board. This Court does not believe that such per diem qualifies as remuneration under Title VII. See Record Document 28-1 at 17.

employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage." McLaughlin, 828 F.Supp.2d at 239. Here, the purported actionable adverse action was not an employment decision, as Morgan was not an employee and the events underlying this lawsuit did not occur in an employment setting.

Even if Morgan were an "employee," in order for Title VII to be applicable, a employer must be "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." See 42 U.S.C. 2000e(b). In 2010 and 2011, the Board had an executive director and four inspectors, totaling five employees. See Record Document 28-3. If the five board members were added to the employee count, the number of employees would total ten. With only ten employees, the Board does not satisfy the definition of "employer" under Title VII, and, therefore, Morgan cannot bring a claim under Title VII. Thus, Morgan's racial discrimination claim against the Board fails because he did not plead sufficient facts to support an adverse employment action, as the Board does not satisfy the requirements of an employer under Title VII and Morgan clearly is not an employee under Title VII.

## CONCLUSION

Based on the foregoing, the Court finds that dismissal under Rule 12(b)(6) is appropriate because the facts as plead do not establish that Morgan was subjected to an adverse employment action.

Accordingly,

**IT IS ORDERED** that the Board's Motion to Dismiss (Record Document 28) be and

is hereby **GRANTED** and Morgan's racial discrimination claim against the Board is **DISMISSED WITH PREJUDICE**.

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of September, 2015.

                                                             _____
                                                               S. MAURICE HICKS, JR.
                                            UNITED STATES DISTRICT JUDGE